IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS BOWMAN, | ) |
| | ) |
|    Petitioner, | ) |
| | )    CIVIL ACTION NO. |
| v. | )    2:19-CV-1082-WHA |
| | )    [WO] |
| UNITED STATES OF AMERICA, | ] |
| | ) |
|    Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Thomas Bowman ("Bowman"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on December 22, 2019.[1] Doc. # 2. Bowman challenges the validity of his 2018 convictions and sentence imposed by the United States District Court for the Northern District of Georgia for making a false writing or document and making a false statement on a bank loan application, in violation of 18 U.S.C. §§ 1001, 1014. *See United States v. Bowman*, Case No. 1:17-CR-189-1-LMM (N.D. Ga.). Bowman claims he is "being held for 'offenses against laws of the United States' . . . notwithstanding the fact that petitioner[] [was] either charged with offenses allegedly injuring . . . private business partners . . ., or

---

[1] Bowman's petition was date-stamped received by this court on December 27, 2019. Bowman represents that he submitted the petition on December 22, 2019. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on December 22, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

No one."[2]  Doc. # 2 at 2.  For the reasons that follow, the undersigned concludes that this action should be transferred to the United States District Court for the Northern District of Georgia.

## II.  DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus).  For purposes of venue, petitions filed under § 2241 must be

---

[2] In a previous civil action filed with this court, Bowman argued that "the trial court lacked "legislative authority" over his criminal case because his offenses were not committed against the United States," but rather, his "charged offenses were connected with private business partners." Bowman maintained his incarceration was unlawful because it was based on an unconstitutional judgment entered against him.  *See Bowman v. United States*, 2:19-CV-581-MHT-SMD (M.D. Ala. 2019), Doc. # 2 at 3–4.

brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Bowman's self-described § 2241 petition challenges the legality of his convictions and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018). Bowman does not attempt to show that § 2255 would be an inadequate vehicle to present his claims. Indeed he cannot, because his claims challenging the validity of his conviction and sentence fall squarely within the realm of injuries § 2255 addresses.

3

When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . .  Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090.  Here, regardless of the label Bowman places on his pleadings, his petition challenging his convictions and sentence must be considered as a motion under § 2255, rather than § 2241.  Section 2255 remains Bowman's exclusive remedy to bring his challenge to his convictions and sentence.[3]  Because he challenges a judgment entered in the Northern District of Georgia, jurisdiction to consider the § 2255 motion lies only in the Northern District of Georgia as the district of conviction.  *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.  Because Bowman is proceeding *pro se*, in the interest of justice this action should be transferred to the United States District Court for the Northern District of Georgia.

### III.   CONCLUSION

---

[3] In an order entered on January 17, 2020 (Doc. # 3), this court informed Bowman that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion.  In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Bowman of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion.  Bowman filed a response indicating that he wished to proceed on his claims under § 2255.  Doc. # 4.

Accordingly it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 12, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 29th day of January, 2020.

                                           /s/ Charles S. Coody  
                                           CHARLES S. COODY  
                                           UNITED STATES MAGISTRATE JUDGE